861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia McPHEE Plaintiff-Appellant,
v.
Paul J. OLSCAMP, Individually and as President, Bowling
Green State University, Defendant-Appellee.
 No. 87-4100.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1988.
 
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and THOMAS A. BALLANTINE,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff Patricia McPhee appeals from a summary judgment of the United States District Court for the Northern District of Ohio in favor of the defendant Olscamp in this 42 U.S.C. Sec. 1983 and diversity action.
 
 
 2
 Patricia McPhee held the position of Houskeeping Manager at the home of Paul Olscamp, President of Bowling Green State University, from October 11, 1982 until she was fired on January 15, 1985. McPhee was dismissed because a University police investigation showed that she had charged $2,000.00 worth of personal goods to Olscamp's account. On February 22, 1985, McPhee entered into an agreement with the University in an attempt to resolve the dispute over the $2,000.00. McPhee agreed to make full restitution in exchange for the University's promise not to prosecute her for grand theft. McPhee made an initial payment of $500.00, but to date has not paid the remaining $1,500.00. The University filed a civil action against McPhee for the outstanding $1,500.00 and for McPhee's overdue account at the Bursar's office. The University obtained a default judgment in the amount of $2,174.58 plus interest and costs.
 
 
 3
 In a letter dated November 8, 1985, John Mattimoe, Special Counsel to the Attorney General for the University, informed McPhee that because of her defalcation of University funds and her failure to repay those funds, she was barred from campus.
 
 
 4
 McPhee, seeking declaratory and monetary relief, brought a Section 1983 action against Olscamp. She claimed that the order issued on behalf of Olscamp barring her from campus violated a number of her constitutional rights. In particular, McPhee alleged violations of the following rights: (1) the right to travel, (2) the right of "free association," (3) the right to purchase tickets made available to the public and to attend public activities, (4) the right to be free from arbitrary classification, (5) the right to equal protection of the law, and (6) the right to procedural and substantive due process.
 
 
 5
 McPhee amended her complaint by adding a diversity claim. McPhee again sought monetary and declaratory relief, basing her claim on the lack of statutory or regulatory authority for Olscamp's action.
 
 
 6
 Olscamp moved for summary judgment, arguing that McPhee's claims were moot, that she lacked standing to bring the Section 1983 claim, and that as a matter of law her diversity claim should be dismissed because he had acted within his statutory authority. McPhee filed a brief in opposition to the motion for summary judgment responding to those claims. The district court, relying exclusively on Olscamp's third defense granted the motion for summary judgment and dismissed the entire case.
 
 
 7
 On appeal, McPhee argues that the district court erred in granting Olscamp's motion for summary judgment.
 
 
 8
 Significantly, McPhee has not challenged the constitutionality of Ohio's statute nor the power of the Board to enact regulations pursuant thereto. Instead, McPhee cites as the sole issue in this appeal "whether the President of an Ohio state supported University has the legal right to banish from the campus a former employee, whom it is alleged has stolen from the University by deception." Likewise, while McPhee appears to have raised constitutional issues in her complaint, on appeal she has cited no authorities going to those issues, and appears to be confining her dispute to matters of interpretation of local law. Under those circumstances, we are not persuaded that the trial judge who heard this case and who presumably is more closely knowledgeable in matters of Ohio law erred in his construction of the statute and in his determination that the President of the University was acting properly within the ambit of valid regulations which were adopted by the college pursuant to the authority conferred upon it by Ohio statute. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., United States District Judge for the Western District of Kentucky, sitting by designation